## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS,
## EASTERN DIVISION

| | | |
|---|---|---|
| LAKSHMI KAILASH, f/k/a | ) | |
| SANDHYA MISHRA, on behalf of herself | ) | |
| and all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| v. | ) | |
| | ) | |
| ASSET ACCEPTANCE LLC and | ) | |
| FREEDMAN ANSELMO LINDBERG & | ) | |
| RAPPE LLC, | ) | CLASS ACTION |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

## CLASS ACTION COMPLAINT

### *Introduction*

1.      Plaintiff Lakshmi Kailash, f/n/a/ Sandhya Mishra, files this Complaint against

Defendants Asset Acceptance LLC and Freedman Anselmo Lindberg & Rappe LLC for their

violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., ("FDCPA") in

bringing lawsuits against Illinois consumers based upon time-barred credit card debts.

### *Parties*

2.      Plaintiff Lakshmi Kailash resides in Naperville, Illinois, located within this

district.

3.      Plaintiff is a "consumer," as that term is defined by § 1692a(3) of the FDCPA, in

that the alleged debt Defendants sought to collect from her is a consumer credit card debt,

incurred primarily for personal, family or household purposes.

4.      Defendant Asset Acceptance LLC is regularly engaged for profit in the collection

of debts allegedly owed by consumers and is therefore a "debt collector," as that term is defined

by § 1692a(6) of the FDCPA.

1

5.        Defendant Freedman Anselmo Lindberg & Rappe LLC ("Freedman LLC") is a law firm regularly engaged for profit in the collection of debts allegedly owed by consumers, identifies itself as a debt collector on the correspondence it sends to consumers, and is therefore a "debt collector," as that term is defined by § 1692a(6) of the FDCPA.

### Jurisdiction and Venue

6.        This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

7.        Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

8.        Defendant Asset Acceptance regularly transacts business and has a registered agent in this district.

9.        Defendant Freedman LLC is an Illinois LLC with offices in this district.

### Factual Allegations

10.        On or about March 22, 2010, Defendant Freedman LLC filed a complaint against Plaintiff on behalf of its client, Defendant Asset Acceptance, in the Circuit Court of DuPage County, assigned Case No. 10 SC 1765.

11.        Defendants stated that Plaintiff was indebted to Asset Acceptance "for breach of contract on note, agreement for credit or retail installment contract on or about October 10, 2002."

12.        Defendants further stated that Asset Acceptance had acquired the alleged debt on December 13, 2007 from original creditor Chase Manhattan Bank.

13.        Defendants also filed a purported affidavit, signed by Pamela McCullough as "Outsourcing Supervisor" with Asset Acceptance, which they attached to the complaint.

14.     Ms. McCullough stated that she had "knowledge of an account in favor of Asset Acceptance LLC," but made a material omission of fact as to the type of account Defendants sought to collect.

15.     In fact, the type of alleged debt Defendants were seeking to collect from Plaintiff was a closed credit card account.

16.     Under the Illinois Rules of Civil Procedure, 735 ILCS 5/2-606, if a claim is founded upon a written instrument, a copy of that instrument must be attached, unless an affidavit is provided explaining that such instrument is not accessible.

17.     The Defendants intentionally or recklessly disregarded this rule and did not attach a contract to their complaint or any description of the contract's terms, in an effort to circumvent the fact that credit card accounts are subject to a five-year limitations period in Illinois.

18.     According to Defendants' own complaint, Plaintiff's alleged breach occurred on October 10, 2002, more than five years prior to the filing of suit.

19.     As Defendants did not file suit until 2010, the debt collection complaint was time-barred under Illinois law.

## COUNT I
### *Violations of Sections 1692e and f Brought by Plaintiff, Individually, and on Behalf of Class A Against Freedman Anselmo Lindberg & Rappe LLC*

20.     Plaintiff hereby restates, realleges, and incorporates by reference paragraphs 1-19 as if set forth fully in this Count.

21.     This Count is brought on behalf of Plaintiff and the members of Class A.

22.     Class A is defined as: all Illinois consumers who, according to Freedman LLC's records: (a) within one year before the filing of this action; (b) were sent a Freedman LLC collection complaint; (c) in which Freedman LLC sought to collect an alleged credit card debt;

and (d) the complaint was filed more than five years after the alleged date of breach or last

payment.

      23.    Under Federal Rule of Civil Procedure 23, a class action is appropriate and

preferable in this case because:

      (A)    Based on the fact that Freedman LLC drafts and files hundreds of collection complaints throughout the State of Illinois in a given year, <u>Class A</u> is so numerous that joinder of all members is impractical.  The exact number of class members is unknown at this time but can be determined through a ministerial review of Freedman LLC's records.

      (B)    Questions of law and fact common to the class predominate over any questions affecting only individual class members.  The principal question involving the members of <u>Class A</u> is whether filing collection lawsuits in an attempt to collect alleged credit card debts beyond the five-year Illinois statute of limitations violates §§ 1692e and f.

      (C)    The only individual issue is the identification of the consumers against whom time-barred complaints were filed (*i.e.* the members of <u>Class A</u>), a matter capable of ministerial determination from Freedman LLC's records or court filings.

      (D)    Plaintiff's claims are typical of those of the class members.  All claims are based on the same facts and legal theories.

      (E)    Plaintiff will fairly and adequately represent the class members' interests and her interests are consistent with the class members' interests.  Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

      24.    A class action is superior for the fair and efficient adjudication of the class

members' claims.  Congress specifically envisioned class actions as a principal means of

enforcing the FDCPA.  *See* 15 U.S.C. § 1692k.  The class members are generally unsophisticated

consumers, whose rights will not be vindicated in the absence of a class action.  Prosecution of

separate actions by individual class members would create the risk of inconsistent or varying

adjudications resulting in the establishment of inconsistent or varying standards for the parties

and would not be in the interests of judicial economy.

25.     If the facts are discovered to be appropriate, Plaintiff will seek to certify <u>Class A</u> under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

26.     Collection complaints (including their purported supporting affidavits), such as those drafted, filed and served by Freedman LLC, are to be evaluated by the objective standard of the hypothetical "unsophisticated consumer."

27.     Section 1692e of the FDCPA states that a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28.     The subsections of § 1692e prohibit the following:

> *(2)     The false representation of –*
>
> > *(A)      the character, amount, or legal status of any debt*
>
> *(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken.*
>
> *(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

29.     Further, § 1692f prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

30.     Defendant is falsely representing the legal status of the class members' alleged debts by filing complaints to collect on debts for which the statute of limitations period has already expired, in violation of §§ 1692e, e(2), e(5), and e(10).

31.     Defendant is falsely representing that there is a present right to sue on credit card debts that are more than five years in default, in violation of §§ 1692e, e(2), e(5), and e(10).

32.     Defendant has also committed unfair acts by filing time-barred complaints, in violation of § 1692f.

33.     Defendant is liable to Plaintiff and the members of <u>Class A</u> for violating §§ 1692e, e(2), e(5), e(10), and (f) of the FDCPA.

34.     Defendant has caused certain members of <u>Class A</u> to incur actual damages, including but not limited to, appearance fees, court costs, and attorneys' fees expended in defense of the filed complaints.

WHEREFORE, Plaintiff requests that this Court enter judgment on her behalf, and on behalf of the members of <u>Class A</u>, against Defendant Freedman Anselmo Lindberg & Rappe LLC and award:

A)     Actual and statutory damages as provided by § 1692k of the FDCPA;

B)     Attorneys' fees, litigation expenses and costs incurred in bringing this action; and

C)     Any other relief that this Court deems appropriate and just.

<u>**COUNT II**</u>
***Violations of Sections 1692e and f Brought by Plaintiff, Individually, and on Behalf of <u>Subclass A1</u> Against Freedman Anselmo Lindberg & Rappe LLC***

35.     Plaintiff hereby restates, realleges, and incorporates by reference paragraphs 1-19 as if set forth fully in this Count.

36.     This Count is brought on behalf of Plaintiff and the members of <u>Subclass A1</u>.

37.     <u>Subclass A1</u> is defined as those members of <u>Class A</u> who, according to Freedman LLC's records: (a) within one year before the filing of this action; (b) were sent a Freedman LLC collection complaint in a form materially identical or substantially similar to the complaint sent to Plaintiff; (c) in which Freedman LLC sought to collect an alleged credit card debt; and (d) the complaint was filed more than five years after the alleged date of breach or last payment.

38.     Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A)    Based on the fact that Freedman LLC drafts and files hundreds of collection complaints throughout the State of Illinois in a given year, and on information and belief, uses form documents for its complaints, Subclass A1 is so numerous that joinder of all members is impractical. The exact number of class members is unknown at this time but can be determined through a ministerial review of Freedman LLC's records.

(B)    Questions of law and fact common to the class predominate over any questions affecting only individual class members.  The principal question involving Subclass A1 is whether filing collection lawsuits using the language employed in the form sent to Plaintiff violates §§ 1692e and f.

(C)    The only individual issue is the identification of the consumers in Subclass A1 (*i.e.* the class members), a matter capable of ministerial determination from Freedman LLC's records or court filings.

(D)    Plaintiff's claims are typical of those of the class members.  All claims are based on the same facts and legal theories.

(E)    Plaintiff will fairly and adequately represent the class members' interests and her interests are consistent with the class members' interests.  Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

39.    A class action is superior for the fair and efficient adjudication of the class members' claims.  Congress specifically envisioned class actions as a principal means of enforcing the FDCPA.  *See* 15 U.S.C. § 1692k.  The class members are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action.  Prosecution of separate actions by individual class members would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interests of judicial economy.

40.    If the facts are discovered to be appropriate, Plaintiff will seek to certify Subclass A1 under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

41.     Collection complaints (including their purported supporting affidavits), such as those drafted, filed and served by Freedman LLC, are to be evaluated by the objective standard of the hypothetical "unsophisticated consumer."

42.     Section 1692e of the FDCPA states that a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

43.     The subsections of § 1692e prohibit the following:

> *(2)     The false representation of –*
>
> *(A)     the character, amount, or legal status of any debt*
>
> *(6)     The threat to take any action that cannot legally be taken or that is not intended to be taken.*
>
> *(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

44.     Further, § 1692f prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

***Violations Arising From False or Misleading Representations in Defendants' Complaints***

45.     The form of Defendant's collection complaint falsely represents to consumers that there is a present right to sue given the five-year limitations period applicable to credit card debts in the State of Illinois.

46.     In the alternative to, or in addition to the preceding paragraph, the form of Defendant's collection complaint misleads consumers by claiming there is a present right to sue given the five-year limitations period applicable to credit card debts in the State of Illinois.

47.     On information and belief, Defendant's collection complaint used the words "for breach of contract on note, agreement for credit or retail installment contract" in an effort to

falsely represent to consumers that the alleged debt was subject to the ten-year limitations period governing written contracts, rather than the applicable five-year limitations period.

48.     In the alternative to, or in addition to the preceding paragraph, Defendant's collection complaint used the words "for breach of contract on note, agreement for credit or retail installment contract" in an effort to mislead consumers into believing that the alleged debt was subject to the ten-year limitations period governing written contracts, rather than the applicable five-year limitations period.

49.     Defendant violated § 1692f because using false or misleading representations in order to collect an alleged debt constitutes unfair or unconscionable practices.

50.      Defendant is liable to Plaintiff and the members of Subclass A1 for violating §§ 1692e, e(2), e(5), e(10), and (f) of the FDCPA.

51.     Defendant has caused certain members of Subclass A1 to incur actual damages, including but not limited to, appearance fees, court costs, and attorneys' fees expended in defense of the filed complaints.

WHEREFORE, Plaintiff requests that this Court enter judgment on her behalf, and on behalf of Subclass A1, against Defendant Freedman Anselmo Lindberg & Rappe LLC, and award:

A)     Actual and statutory damages as provided by § 1692k of the FDCPA;

B)     Attorneys' fees, litigation expenses and costs incurred in bringing this action; and

C)     Any other relief that this Court deems appropriate and just.

### COUNT III
*Violations of Sections 1692e and f Brought by Plaintiff, Individually, and on Behalf of Class B Against Asset Acceptance*

52.     Plaintiff hereby restates, realleges, and incorporates by reference paragraphs 1-19 as if set forth fully in this Count.

53.     This Count is brought on behalf of Plaintiff and the members of <u>Class B</u>.

54.     <u>Class B</u> is defined as all Illinois consumers who, according to Asset Acceptance's records: (a) within one year before the filing of this action; (b) were sent a complaint by one of the Illinois law firms Asset Acceptance retained; (c) in which Asset Acceptance sought to collect an alleged credit card debt more than five years after the alleged date of breach or last payment.

55.     Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A)     Based on the fact that Asset Acceptance buys bulk defaulted credit card debt drafts and files hundreds of collection complaints throughout the State of Illinois in a given year, <u>Class B</u> is so numerous that joinder of all members is impractical.  The exact number of class members is unknown at this time but can be determined through a ministerial review of Asset Acceptance's records.

(B)     Questions of law and fact common to the class predominate over any questions affecting only individual class members.  The principal question involving <u>Class B</u> is whether suing on time-barred debts violates §§ 1692e and f.

(C)     The only individual issue is the identification of the consumers in <u>Class B</u> (*i.e.* the class members), a matter capable of ministerial determination from Asset Acceptance's records or court filings.

(D)     Plaintiff's claims are typical of those of the class members.  All claims are based on the same facts and legal theories.

(E)     Plaintiff will fairly and adequately represent the class members' interests and her interests are consistent with the class members' interests.  Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

56.     A class action is superior for the fair and efficient adjudication of the class members' claims.  Congress specifically envisioned class actions as a principal means of

enforcing the FDCPA.  *See* 15 U.S.C. § 1692k.  The class members are generally unsophisticated

consumers, whose rights will not be vindicated in the absence of a class action.  Prosecution of

separate actions by individual class members would create the risk of inconsistent or varying

adjudications resulting in the establishment of inconsistent or varying standards for the parties

and would not be in the interests of judicial economy.

57.     If the facts are discovered to be appropriate, Plaintiff will seek to certify <u>Class B</u>

under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

58.     Section 1692e of the FDCPA states that a debt collector "may not use any false,

deceptive, or misleading representation or means in connection with the collection of any debt."

59.     The subsections of § 1692e prohibit the following:

> *(2)     The false representation of –*
>
> > *(A)     the character, amount, or legal status of any debt*
>
> *(7)     The threat to take any action that cannot legally be taken or that is not intended to be taken.*
>
> *(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

60.     Further, § 1692f prohibits debt collectors from using unfair or unconscionable

means to collect or attempt to collect any debt.

61.     Defendant is falsely representing the legal status of the class members' alleged

debts by filing complaints to collect on debts for which the statute of limitations period has

already expired, in violation of §§ 1692e, e(2), e(5), and e(10).

62.     Defendant is falsely representing that there is a present right to sue on credit card

debts that are more than five years in default, in violation of §§ 1692e, e(2), e(5), and e(10).

63.     Defendant has also committed unfair acts by filing time-barred complaints, in violation of § 1692f.

64.     Defendant is liable to Plaintiff and the members of <u>Class B</u> for violating §§ 1692e, e(2), e(5), e(10), and (f) of the FDCPA.

65.     Defendant has caused certain members of <u>Class B</u> to incur actual damages, including but not limited to, appearance fees, court costs, and attorneys' fees expended in defense of the filed complaints.

WHEREFORE, Plaintiff requests that this Court enter judgment on her behalf, and on behalf of the members of <u>Class B</u>, against Defendant Asset Acceptance LLC and award:

A)     Actual and statutory damages as provided by § 1692k of the FDCPA;

B)     Attorneys' fees, litigation expenses and costs incurred in bringing this action; and

C)     Any other relief that this Court deems appropriate and just.

## COUNT IV
*Violations of Sections 1692e and f Brought by Plaintiff, Individually, and on Behalf of <u>Subclass B1</u> Against Defendant Asset Acceptance LLC*

66.     Plaintiff hereby restates, realleges, and incorporates by reference paragraphs 1-19 as if set forth fully in this Count.

67.     This Count is brought on behalf of Plaintiff and the members of <u>Subclass B1</u>.

68.     <u>Subclass B1</u> is defined as those members of <u>Class B</u> who, according to Asset Acceptance's records: (a) within one year before the filing of this action; (b) were sent a collection complaint in a form materially identical or substantially similar to the complaint sent to Plaintiff; (c) in which Asset Acceptance sought to collect an alleged credit card debt more than five years after the alleged date of breach or last payment.

69.     Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A)     Based on the fact that Freedman LLC drafts and files hundreds of collection complaints throughout the State of Illinois in a given year, and on information and belief, uses form documents for its complaints, and Asset Acceptance would likely hire Freedman LLC to collect on multiple accounts, <u>Subclass B1</u> is so numerous that joinder of all members is impractical.  The exact number of class members is unknown at this time but can be determined through a ministerial review of Defendants' records.

(B)     Questions of law and fact common to the class predominate over any questions affecting only individual class members.  The principal question involving <u>Subclass B1</u> is whether filing collection lawsuits using the language employed in the form sent to Plaintiff violates §§ 1692e and f.

(C)     The only individual issue is the identification of the consumers in <u>Subclass B1</u> (*i.e.* the class members), a matter capable of ministerial determination from Defendants' records or court filings.

(D)     Plaintiff's claims are typical of those of the class members.  All claims are based on the same facts and legal theories.

(E)     Plaintiff will fairly and adequately represent the class members' interests and her interests are consistent with the class members' interests.  Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

70.     A class action is superior for the fair and efficient adjudication of the class members' claims.  Congress specifically envisioned class actions as a principal means of enforcing the FDCPA.  *See* 15 U.S.C. § 1692k.  The class members are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action.  Prosecution of separate actions by individual class members would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interests of judicial economy.

71.     If the facts are discovered to be appropriate, Plaintiff will seek to certify <u>Subclass B1</u> under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

72.     Collection complaints (including their purported supporting affidavits) are to be evaluated by the objective standard of the hypothetical "unsophisticated consumer."

73.     Section 1692e of the FDCPA states that a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

74.     The subsections of § 1692e prohibit the following:

> *(2)     The false representation of –*
>
> > *(A)     the character, amount, or legal status of any debt*
>
> *(8)     The threat to take any action that cannot legally be taken or that is not intended to be taken.*
>
> *(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

75.     Further, § 1692f prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

### *Violations Arising From False or Misleading Representations in Defendants' Complaints*

76.     In its complaint, Asset Acceptance falsely represents to consumers that it has a present right to sue given the five-year limitations period applicable to credit card debts in the State of Illinois.

77.     In the alternative to, or in addition to the preceding paragraph, Asset Acceptance misleads consumers by claiming that it has a present right to sue given the five-year limitations period applicable to credit card debts in the State of Illinois.

78.     On information and belief, Asset Acceptance's collection complaint and purported affidavit, which failed to identify the type of account and used the words "for breach

of contract on note, agreement for credit or retail installment contract" falsely represents to consumers that the alleged debt was subject to the ten-year limitations period governing written contracts, rather than the applicable five-year limitations period.

79.    In the alternative to, or in addition to the preceding paragraph, Asset Acceptance's collection complaint and purported affidavit, which failed to identify the type of account and used the words "for breach of contract on note, agreement for credit or retail installment contract," misled consumers into believing that the alleged debt was subject to the ten-year limitations period governing written contracts, rather than the applicable five-year limitations period.

80.    Defendant violated § 1692f because using false or misleading representations in order to collect an alleged debt constitutes unfair or unconscionable practices.

81.    Defendant is liable to Plaintiff and the members of Subclass B1 for violating §§ 1692e, e(2), e(5), e(10), and (f) of the FDCPA.

82.    Defendant has caused certain members of Subclass B1 to incur actual damages, including but not limited to, appearance fees, court costs, and attorneys' fees expended in defense of the filed complaints.

WHEREFORE, Plaintiff requests that this Court enter judgment on her behalf, and on behalf of Subclass B1, against Defendant Asset Acceptance LLC, and award:

A)    Actual and statutory damages as provided by § 1692k of the FDCPA;

B)    Attorneys' fees, litigation expenses and costs incurred in bringing this action; and

C)    Any other relief that this Court deems appropriate and just.

## COUNT V
### *Violations of Sections 1692e Brought by Plaintiff, Individually, and on Behalf of Class C Against Defendant Asset Acceptance LLC*

83.     Plaintiff hereby restates, realleges, and incorporates by reference paragraphs 1-19 as if set forth fully in this Count.

84.     This Count is brought on behalf of Plaintiff and the members of Class C.

85.     Class C is defined as: all Illinois consumers who, according to Asset Acctepance's records: (a) within one year before the filing of this action; (b) were reported as delinquent to any of the three national credit reporting bureaus on an Asset Acceptance account; and (c) Asset Acceptance reported the account as being opened on or about the date of Asset's purchase or acquisition of the alleged debt.

86.     Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A)     On information and belief, Asset Acceptance has a regular practice of reporting the approximate date it acquired an alleged debt as the "opening date" of the account for credit reporting purposes and as such, Class C is sufficiently numerous.

(B)     Questions of law and fact common to the class predominate over any questions affecting only individual class members.  The principal question involving the members of Class C is whether Asset Acceptance's conduct in misreporting the dates delinquent accounts were allegedly opened violates §§ 1692e and f.

(C)     The only individual issue is the identification of the class members, a matter capable of ministerial determination from the Defendant's records.

(D)     Plaintiff's claims are typical of those of the class members.  All claims are based on the same facts and legal theories.

(E)     Plaintiff will fairly and adequately represent the class members' interests and her interests are consistent with the class members' interests.  Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

87.     A class action is superior for the fair and efficient adjudication of the class members' claims.  Congress specifically envisioned class actions as a principal means of enforcing the FDCPA.  *See* 15 U.S.C. § 1692k.  The class members are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action.  Prosecution of separate actions by individual class members would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interests of judicial economy.

88.     If the facts are discovered to be appropriate, Plaintiff will seek to certify Class C under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

89.     Section 1692e and its subsections prohibit the use of false or misleading representations in the collection of, or efforts to collect on, an alleged debt.

90.     Section 1692f prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt.

91.     Reporting derogatory information on a consumer's credit report is one method of attempting to collect an alleged debt.

92.     Defendant Asset Acceptance reported Plaintiff as delinquent to the national credit reporting bureau(s) for an alleged debt in the amount of $4,693.00.

93.     Asset Acceptance stated that the date the account was opened was January 2008.

94.     This statement was false as the referenced account was already allegedly in default as of October 2002.

95.     On information and belief, Asset Acceptance used the approximate date it purchased or acquired the account for collection purposes as the date by which it was reporting the account as "opened," thus ensuring that the negative entry would be on Plaintiff's and the

members of <u>Class C</u>'s consumer credit reports for additional years beyond the seven-year period by which a creditor can typically report a debt as delinquent.

96.     These statements were false and caused Plaintiff and the members of <u>Class C</u> to endure a negative mark on their credit reports for longer periods of time.

97.     Certain members of Class C have incurred actual damages by paying the alleged debt solely as a result of the credit reporting.

98.     Defendant is liable to Plaintiff and the members of <u>Class C</u> for violating § 1692e, e(10), and f of the FDCPA.

WHEREFORE, Plaintiff requests that this Court enter judgment on her behalf, and on behalf of <u>Class C</u>, against Defendant Asset Acceptance LLC and award:

A)     Actual and statutory damages as provided by § 1692k of the FDCPA;

B)     Attorneys' fees, litigation expenses and costs incurred in bringing this action; and

C)     Any other relief that this Court deems appropriate and just.

### *Demand for Jury Trial*

Please take notice that Plaintiff demands trial by jury in this action

Respectfully submitted,


By: <u>/s/ Lance A. Raphael</u>
One of Plaintiff's Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison A. Krumhorn
Ravinder S. Sahota
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, IL 60602
(312) 782-5808